1

2

3

4

5              UNITED STATES DISTRICT COURT

6             NORTHERN DISTRICT OF CALIFORNIA

7

8    JEROME THOMAS, II,                    No. C 08-3901 MHP (pr)

9              Petitioner,          **ORDER OF DISMISSAL WITH
                                     LEAVE TO AMEND**
10        v.

11   CALIFORNIA BOARD OF
     PAROLE HEARINGS,
12
               Respondent.
13   _____/

14
                         **INTRODUCTION**
15
            Jerome Thomas, II, formerly an inmate in the California Department of Corrections,
16
     filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His
17
     petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the
18
     Rules Governing Section 2254 Cases.
19
                         **BACKGROUND**
20
            Thomas states in his petition that he is on parole after completing an indeterminate 15-
21
     to-life sentence for second degree murder.   Thomas was found suitable for parole at a
22
     January 12, 2006 Board of Parole Hearings ("BPH") hearing; then the Governor reversed that
23
     suitability decision on December 28, 2006; then this court granted his habeas petition and he
24
     was released on parole.  Thomas thereafter wrote to the BPH on May 30, 2007 requesting
25
     that he be discharged from parole.  The BPH denied his request on June 12, 2007.
26

27

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   Thomas contends in his federal petition that his parole term should be terminated.  He

2   reasons that, under state law, his time in prison plus the time he has spent on parole exceeds

3   the amount of time he was required to be in actual custody.  Before he filed this action, he

4   filed state habeas petitions asserting his claim in the California courts, including the

5   California Supreme Court.

6   **DISCUSSION**

7   This court may entertain a petition for writ of habeas corpus "in behalf of a person in

8   custody pursuant to the judgment of a State court only on the ground that he is in custody in

9   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

10  A district court considering an application for a writ of habeas corpus shall "award the writ or

11  issue an order directing the respondent to show cause why the writ should not be granted,

12  unless it appears from the application that the applicant or person detained is not entitled

13  thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in

14  the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

15  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

16  Thomas alleges in his petition that his continued retention on parole is not allowed

17  under state law because he has exceeded the total term allowed under his interpretation of

18  state law.  His argument is cast exclusively in terms of his rights under the California Penal

19  Code and under title 15 of the California Code of Regulations.  He mentions no federal

20  constitutional provision in the statement of his claim.  A claim for a violation of state law, or

21  the misapplication of state law, such as is made in the petition here, is not cognizable in a

22  federal habeas action.  The writ under 28 U.S.C. § 2254(a) may issue "only on the basis of

23  some transgression of federal law binding on the state courts."  Middleton v. Cupp, 768 F.2d

24  1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied,

25  478 U.S. 1021 (1986).  It is unavailable for violations of state law or for alleged error in the

26  interpretation or application of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see,

27  e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006), cert. denied, 127 S. Ct. 2945

28

2

1    (2007) (claim that state supreme court misapplied state law or departed from its earlier

2    decisions does not provide a ground for habeas relief).  Thomas does not allege that the state

3    parole authority's decision violated the laws, Constitution or treaties of the United States.

4    This court does not have habeas jurisdiction to entertain his claim for a violation or

5    misapplication of state law.

6        Leave to amend will be granted so that Thomas may attempt to assert a federal basis

7    for his claim.   In his amended petition, Thomas must identify the particular federal

8    constitutional provision he claims was violated by the decision not to release him from

9    parole.  In his amended petition, he should cite any U.S. Supreme Court case that he believes

10   will provide the clearly established federal law that supports his claim.  Thomas is cautioned

11   that he must satisfy the exhaustion requirement as to any such claim; that is, he must have

12   presented any federal constitutional claim to the California Supreme Court before seeking

13   relief in this court on such a claim.

14                       **CONCLUSION**

15        The petition for writ of habeas corps is dismissed with leave to amend.   No later than

16   **March 31, 2009**, petitioner must file an amended petition in which he alleges a claim for a

17   violation of the laws, treaties or Constitution of the United States.  Failure to file the

18   amended petition by the deadline will result in the dismissal of this action.

19        IT IS SO ORDERED.

20   DATED:   February 27, 2009

21                            Marilyn Hall Patel
                             United States District Judge

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3