UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME THOMAS, II, | No. C 08-3901 MHP (pr) |
|     Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| CALIFORNIA BOARD OF PAROLE HEARINGS, | |
|     Respondent. | |

## INTRODUCTION

Jerome Thomas, II, formerly a prisoner of the State of California and now on parole, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed his petition and dismissed it with leave to amend. His amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Thomas states in his amended petition that he was sentenced in 1983 to an indeterminate term of 15 years to life in prison for a second degree murder conviction, was released from prison on December 28, 2006, and then started a five-year parole term. His release from custody occurred when this court granted his petition for writ of habeas corpus in Thomas v. Curry, C 05-1332 MHP, after determining that there was insufficient evidence to support the California Governor's March 2003 decision that reversed the February 2003 grant of parole by the Board of Prison Terms.

1  The petition here focuses on the parole period.  When Thomas was released from
2 prison, he was told his parole period was five years and that it began when he was released
3 from prison.  Thomas believes the parole period should be terminated "because the length of
4 his time in prison and time that he has spent on parole exceeds the amount of time he was
5 required to be in actual custody behind prison walls and/or in the constructive custody that
6 parole constitutes."  Amended Petition, p. 3.  He asserts that he exhausted his claims in state
7 court before filing this action.

## DISCUSSION

9  This court may entertain a petition for writ of habeas corpus "in behalf of a person in
10 custody pursuant to the judgment of a State court only on the ground that he is in custody in
11 violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).
12 A district court considering an application for a writ of habeas corpus shall "award the writ or
13 issue an order directing the respondent to show cause why the writ should not be granted,
14 unless it appears from the application that the applicant or person detained is not entitled
15 thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in
16 the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See
17 Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

18  Thomas asserts two claims in his petition.  First, he contends that his right to due
19 process was violated when the parole authority failed to reduce his parole period by applying
20 credit for actual custody time served in excess of the term set by the BPT at the 2003 hearing.
21 Although there is disagreement among courts as to whether the matter of early parole
22 termination should be treated as a claim for relief or a remedy or neither, it cannot be said
23 that the claim is patently meritless.  See generally Whalen v. United States, 445 U.S. 684,
24 689-90 n.4 (1972) (right to due process may be violated where the state imposes punishment
25 in excess of that authorized by state law).  The court will order respondent to respond to this
26 claim.

27  Second, Thomas contends that his right to equal protection was denied when the

2

Alameda County Superior Court misapplied parole laws governing his sentence and effectively changed his sentence to life parole in its order denying his petition for writ of habeas corpus. This claim must be dismissed because it concerns the state collateral review process. Errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. They instead generally pertain to the review process itself and not to the constitutionality of a state conviction. See, e.g., 28 U.S.C. § 2254(I) (claims of ineffective assistance of state or federal post-conviction counsel not cognizable on federal habeas review).

An additional reason to dismiss the second claim is that the premise – i.e., that the superior court changed the parole period from five years to life – is incorrect. The superior court apparently erred in describing Thomas as subject to parole for life, but that erroneous statement was made in rejecting his habeas petition and not in imposing a sentence. Thomas' parole term is the five-year term set out in § 2515(d) of Title 15 of the California Code of Regulations, and confirmed in a letter from the Board of Parole Hearings. See Amended Petition, Ex. D. The California Attorney General did not dispute the five-year parole term when it briefed the matter in the California Court of Appeal. See Amended Petition, Ex. F. Although the parties may disagree as to when the five-year term started, they don't dispute that the parole term is five years. The state court's misstatement of the parole term in a habeas decision does not show the violation of the Constitution, laws or treaties of the United States.

## CONCLUSION

For the foregoing reasons,

1. The claim that petitioner's right to due process is being violated by not giving him credit on his parole term for time in prison warrants a response.

3

2.   The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.   Respondent must file and serve upon petitioner, on or before **August 20, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.   If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 24, 2010**.

5.   Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  June 21, 2010

Marilyn Hall Patel
United States District Judge

4