UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEROME THOMAS, II,

    Petitioner,

    v.

CALIFORNIA BOARD OF PAROLE HEARINGS,

    Respondent.
                                     /

No. C 08-3901 MHP (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Jerome Thomas, II, formerly a prisoner of the State of California and now on parole, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss, and Thomas has not filed an opposition. For the reasons discussed below, the action will be dismissed.

## BACKGROUND

Thomas states in his amended petition that he was sentenced in 1983 to an indeterminate term of 15 years to life in prison for a second degree murder conviction, was released from prison on December 28, 2006, and then started a five-year parole term. His release from custody occurred when this court granted his petition for writ of habeas corpus in Thomas v. Curry, C 05-1332 MHP. In granting that petition, the court determined after determining that there was insufficient evidence to support the California Governor's March 2003 decision that reversed the February 2003 grant of parole by the Board of Prison Terms.

The petition here focuses on the parole period. When Thomas was released from prison in December 2006, he was told his parole period was five years and that it began when he was released from prison. Thomas believes the parole period should be terminated "because the length of his time in prison and time that he has spent on parole exceeds the amount of time he was required to be in actual custody behind prison walls and/or in the constructive custody that parole constitutes." Amended Petition, p. 3.

The court ordered respondent to file a response to Thomas' claim that his right to due process was violated when the parole authority failed to reduce his parole period by applying credit for actual custody time served in excess of the term set by the BPT at the 2003 hearing. The court explained that, "[a]lthough there is disagreement among courts as to whether the matter of early parole termination should be treated as a claim for relief or a remedy or neither, it cannot be said that the claim is patently meritless." Order To Show Cause, p. 2.

Respondent then moved to dismiss on the grounds that the petition failed to raise a federal question and was successive. Thomas did not file an opposition to the motion to dismiss.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ may issue "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006).

The scope of the federal due process right that exists with regard to California prisoners claiming an entitlement to parole have been discussed in several recent Ninth Circuit cases. A federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision

2

rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" <u>Hayward v. Marshall</u>, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc) (quoting 28 U.S.C. § 2254(d)(1)-(2)).  That requirement was summarized in <u>Hayward</u> as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.'  There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.'

<u>Id.</u> at 562 (quoting <u>In re Lawrence</u>, 44 Cal. 4th 1181, 1205 (Cal. 2008);

     A Ninth Circuit case released in early July 2010 stated that the remedy available to a successful parole habeas applicant was not limited to another hearing and could include an order for his release from custody.  <u>Pirtle v. California Board of Prison Terms</u>, 611 F.3d 1015, 1025 (9th Cir. 2010).  The law then changed.  A couple of weeks after <u>Pirtle</u> was issued, the California Supreme Court decided that the power to grant and revoke parole is vested in the state executive branch rather than the judicial branch.  <u>See</u> <u>In re Prather</u>, 234 P.3d 541 (Cal. 2010).  "<u>Prather</u> determined that prisoners whose parole denials were not based on 'some evidence' of current dangerousness are entitled under state law only to a new parole-suitability decision by the state executive, and not to release from custody or a judicial parole determination."  <u>Haggard v. Curry</u>, No. 10-16819, slip op. 1, 10 (9th Cir. Oct. 12, 2010).  Although <u>Haggard</u>'s discussion was in the context of ruling on a motion to stay an order releasing the prisoner pending appeal of his successful habeas petition, the issue resolved was germane to the eventual resolution of the case and is a holding that binds this court.  <u>See</u> <u>United States v. Johnson</u>, 256 F.3d 895, 914 (9th Cir. 2001).   <u>Haggard</u> further explained why <u>Pirtle</u> was no longer good authority on the power to order a petitioner's release from prison:

> <u>Prather</u> thus represents a further refinement by the California Supreme Court of the scope of state prisoners' liberty interest in parole.  Because <u>Prather</u> clarifies that a California prisoner's "right of personal liberty," <u>Pirtle</u>, 611 F.3d at 1025, does not encompass the right to release on parole if the parole denial was not based on "some evidence" of current dangerousness, <u>Prather</u> corrects our prior implicit assumption that a federal habeas court could enforce California state-created liberty interest by ordering the release of the prisoner.

3

Haggard, slip op. at 10.

The importance of Haggard to the present dispute is that it leads to the conclusion that the action must be dismissed, regardless of whether Thomas' claimed entitlement to early termination of parole is viewed as a right or as a remedy. Accepting as the starting point that Thomas' right to due process was violated in the 2003 parole suitability proceedings, the consequence is that he now has "only the right to a redetermination by the Board consistent with the state's 'some evidence' requirement, not the right to release on parole." Haggard, slip op. at 11. Thomas has no federally enforceable right to have his parole term run from the date in 2003 when he should have been found suitable for parole. He cannot show that his current placement on parole is in violation of the Constitution, laws or treaties of the United States, as is necessary for relief under § 2254. The petition must be dismissed.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket # 5.) The petition for a writ of habeas corpus is dismissed because petitioner has not shown that his 5-year parole term violates the Constitution, laws or treaties of the United States, or that a shortened parole term is an available remedy for a due process violation at his parole suitability proceedings.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 5, 2010

Marilyn Hall Patel
United States District Judge

4